# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **ABIGALE ANTOINE**, | : | Case No. 2:13-cv-801 |
| PLAINTIFF, | : | |
| | : | |
| v. | : | JUDGE ECONOMUS |
| | : | |
| **CHESTER ENGINEERS, INC., ET AL.** | : | |
| DEFENDANTS. | : | MAGISTRATE JUDGE ABEL |

## AGREED PROTECTIVE ORDER

The parties having agreed to the entry of a protective order, and it appearing to the Court that such an order is necessary, appropriate, and will facilitate discovery, IT IS HEREBY ORDERED THAT:

1. The parties, or a non-party producing documents or information, may designate as "Confidential Information" any documents, deposition transcripts, or exhibits (or portions of any documents, deposition transcripts, or exhibits) that they believe should be subject to the terms of this Agreed Protective Order.  The parties, or a non-party producing documents or information, may designate documents or other materials as "Confidential Information" by stamping or labeling such documents or materials "Confidential" on each page of the document or materials, or, if it is impractical to label or stamp such documents and materials, by any other reasonable means of giving notice of the parties' intent to claim protected status for the document or material.  Upon the designation of any document as Confidential Information, all copies of such document then or at any time thereafter in the possession or control of any party to this Order, from whatever source received, shall be subject to the provisions of this Order.

Confidential Information:

(a) Shall be disclosed to no one except the parties (and employees of the parties whose review of the information is necessary to this litigation), their attorneys (including the staff, secretarial, and clerical personnel of such counsel), deponents, Court reporters and recorders engaged for depositions, trial witnesses, any experts or consultants retained by the parties who have agreed to abide by the terms of this Agreed Protective Order and have executed the acknowledgement attached as Exhibit A, and the Court, in accordance with Paragraph 3;

(b) Shall be maintained in confidence; and

(c) Shall be used solely for the purpose of the above-captioned action.

2. This Agreed Protective Order shall not be deemed to encompass documents or information that was lawfully in a party's possession prior to the filing of the above-captioned action, so long as the party obtained and retained the documents or information without violating any federal or Ohio law or regulation or then-existing policies of Defendant Chester Engineers, Inc.

3. If the non-designating party anticipates disclosing Confidential Information in any pleading, motion, or other paper filed with the Court, pursuant to the Local Rules, such party must move for leave from the Court to file such Confidential Information under seal before disclosing it.  The Court will authorize the filing of materials under seal only upon express leave of Court, only upon a showing of good cause, and only to the extent necessary to preserve legitimate confidentiality concerns.  Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered Confidential and may be disclosed only in accordance with this Order.  This provision does not relieve the filing party of

serving the document on other parties in accordance with ordinary procedures established by the Civil and Local Rules or Court order.

4. At the conclusion of the above-captioned action, by judgment or otherwise, attorneys for any party that received documents designated as Confidential Information will request return or destruction of all documents designated as Confidential Information that were shared with staff, secretaries, clerical personnel, deponents, trial witnesses, experts, and consultants, and such individuals are required by this Agreed Protective Order to return all documents designated as Confidential Information, which were not filed with the Court, to the attorney making the request.  Counsel for each party will then return all documents designated as Confidential Information, which were not filed with the Court, and copies thereof, to the producing party or non-party, or destroy all such documents and copies, except that nothing herein shall require any party to return or destroy materials that are, in the judgment of counsel, attorney work product.  Any Confidential Information that is not returned because it contains attorney work product shall be destroyed or maintained in confidence consistent with the restrictions in this Agreed Protective Order.

5. Any party, or a non-party producing documents or information, after exhausting reasonable attempts to resolve the matter with opposing counsel without involving the Court, may bring before the Court any motion setting forth any problems or difficulties that arise as a result of this Agreed Protective Order, or for the purposes of modifying it, or for an order declaring that documents or information designated as "Confidential Information" by a party or a non-party is not confidential.  The burden of proving the propriety nature of a document's or particular information's "Confidential" designation shall be on the proponent of such protection. Until the Court rules on such motion, documents and information designated as Confidential

3

Information remain confidential under the terms of this Agreed Protective Order.

6. Nothing in this Order prevents or controls the introduction of evidence which may include Confidential Information at trial or an open hearing with this Court in this matter. If a party or a non-party who produced the documents or information opposes use of Confidential Information at trial, the party or non-party opposing its use must file a motion with the court stating the grounds for exclusion or for limiting use of the Confidential Information, to which the party seeking to admit the document, or any other party, shall have at least seven (7) days to respond. The court, at its discretion, may hold an *in-camera* hearing regarding the motion.

7. In the event that it becomes necessary in the judgment of counsel for any party to use or disclose Confidential Information other than as permitted above, such use or disclosure may only be made upon written stipulation of the parties or upon further order of this Court.

8. Any document, exhibit, or transcript designated confidential in accordance with this Agreed Protective Order, which is otherwise admissible, may be used at trial, subject to the terms of this Agreed Protective Order, provided that all "Confidential" stamps placed on such document, exhibit, or transcript may be removed prior to use at trial by the party seeking to use the document, exhibit, or transcript. The removal of the "Confidential" stamp under this paragraph, however, will not affect the confidential status of the document or information under this Agreed Protective Order.

9. It is recognized by the parties to this Agreed Protective Order that, due to the exigencies of providing numerous documents and the taking of testimony, certain documents or testimony may be erroneously designated as confidential, or documents or information that are entitled to confidential treatment may erroneously not be designated as confidential. The parties to this Agreed Protective Order may correct their confidentiality designations, or lack thereof,

and will, at their own expense, furnish to all counsel copies of the documents for which there is a change in designation.

SO ORDERED.

| February 27, 2014 | s/Mark R. Abel |
|---|---|
| DATE | United States Magistrate Judge |

SO AGREED:

| Fred G. Pressley, Jr. (0023090), | Laren E. Knoll (0070594) |
|---|---|
|     Trial Attorney | The Knoll Law Firm, LLC |
| Leigh Anne Benedic (0082120) | 7240 Muirfield Drive, Suite 120 |
| Porter Wright Morris & Arthur LLP | Dublin, OH 43017 |
| 41 S. High Street, Suite 3200 | Phone: (614) 372-8890 |
| Columbus, Ohio 43215-6194 | Fax: (614) 452-4850 |
| Phone: (614) 227-2000 | lknoll@knolllaw.com |
| Fax: (614) 227-2100 | |
| fpressley@porterwright.com | Andrew Biller (0081452) |
| lbenedic@porterwright.com | The Law Firm of Andrew Biller |
| *Attorneys for Defendants* | Easton Town Center |
| | 4200 Regent Street, Suite 200 |
| | Columbus, OH 43219 |
| | Phone: (614) 604-8759 |
| | Fax: (614) 583-8107 |
| | andrewbilleresq@gmail.com |
| | *Attorneys for Plaintiff* |

5

COLUMBUS/1699903v.1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **ABIGALE ANTOINE,** | : | CASE NO. 2:13-CV-801 |
|       PLAINTIFF, | : | |
| | : | |
| v. | : | JUDGE ECONOMUS |
| | : | |
| **CHESTER ENGINEERS, INC.,** | : | |
| **ET AL.** | | |
|       DEFENDANTS. | : | MAGISTRATE JUDGE ABEL |

ACKNOWLEDGEMENT

I,_____ have read the Agreed Protective Order entered in the above-captioned matter, and I understand the contents thereof. I hereby agree to comply with all terms, conditions, and restrictions contained in said Agreed Protective Order regarding the use and disclosure of any materials labeled "Confidential Information" that I have reviewed, or will review, in connection with this matter, and I agree to be subject to the jurisdiction of the U.S. District Court for the Southern District of Ohio, Eastern Division, for enforcement of the Agreed Protective Order.

Dated: _____

Signed: _____

COLUMBUS/1699903v.1